NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLIE WILLIAMS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7082

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3511, Senior Judge Alan G. Lance.

---

Decided: October 16, 2013

---

CHARLIE WILLIAMS, of Wilson, North Carolina, pro se.

ALEX P. HONTOS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, SCOTT D. AUSTIN, Assistant Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief

were DAVID J. BARRANS, Deputy Assistant General Counsel and RACHAEL T. BRANT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, PLAGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Charlie Williams *pro se* appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision from the Board of Veterans' Appeals ("Board") that denied Mr. Williams's request for an earlier effective date for his award of service connection for prostate cancer. *Williams v. Shinseki*, No. 11-3511, 2013 WL 117000 (Vet. App. Jan. 10, 2013) ("*Vet. Ct. Op.*"). Because we lack jurisdiction over the issues presented in this case, we dismiss.

BACKGROUND

Mr. Williams served in the U.S. Army from April 1967 until November 1968. In May 2009, Mr. Williams sent a claim for compensation for prostate cancer to a Department of Veterans Affairs regional office ("RO"). The RO granted Mr. Williams service connection for his prostate cancer with an effective date of May 27, 2009 because he served in the Republic of Vietnam and there is a regulatory presumption of service-connection for certain conditions, including prostate cancer, based on presumed exposure to herbicides in Vietnam. *See* 38 C.F.R. § 3.307.

Mr. Williams filed a Notice of Disagreement in which he argued that he was entitled to an earlier effective date. To support his Notice of Disagreement, Mr. Williams stated that he wanted compensation back to 1999 because "that was the year that everything started to go wrong with my body." Resp't's App. at 25. Mr. Williams then appealed the RO's decision to the Board.

In its decision, the Board noted that the date for a grant of service connection is the date of receipt of the claim or the date that entitlement arose, whichever is later. The Board then found that Mr. Williams's 2009 claim was the first communication regarding service connection for prostate cancer and denied his claim for an earlier effective date. After appeal to the Veterans Court, the Secretary and Mr. Williams filed a joint motion for remand to the Board to determine whether Mr. Williams was entitled to an earlier effective date pursuant to 38 C.F.R. § 3.114(a) if the record established that Mr. Williams experienced prostate cancer prior to his diagnosis and the prostate cancer existed continuously from that date until the time he filed his prostate cancer claim. The Board reconsidered Mr. Williams's case in light of § 3.114(a) and concluded that there was no medical indication that Mr. Williams had prostate cancer during the relevant time frame. Mr. Williams again appealed the Board's decision to the Veterans Court.

The Veterans Court, in its January 2013 decision, affirmed the Board's conclusion that Mr. Williams was not entitled to an earlier effective date. *Vet. Ct. Op.* at *4. The Veterans Court stated that, *"given the record before it*, the Board provided sufficient reasons or bases for its determination that the appellant was not entitled to an effective date earlier than May 27, 2009." *Id.* at *3 (emphasis in original).

This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2),

however, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

In his informal brief, Mr. Williams argues that he was diagnosed with prostate cancer in 1999. He contends that a 2010 examination revealed that his cancer had progressed to Stage 4, and the advanced state of his cancer indicates that it started in the late 1990s. Mr. Williams argues that his medical records from the VA hospital substantiate his argument, and he requests that we order a review of his records and award him his requested benefits.

The issues that Mr. Williams raises in his appeal fall outside of our jurisdiction. Indeed, Mr. Williams concedes in his brief that the Veterans Court's decision did not involve the validity or interpretation of a statute or regulation, nor did it involve any constitutional issues. Rather, Mr. Williams's appeal relates to factual matters particular to his case.

Because we lack jurisdiction to address any of the issues raised by Mr. Williams, we must dismiss his appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.